# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAMOS GONZALES,**<br><br>                    **Plaintiff,**<br>v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>                    **Defendant.** | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") files this Notice of Removal to remove this civil action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana where it was filed as Case No. 791-862, to the United States District Court for the Eastern District of Louisiana. This cause is removable pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") because Plaintiff's Complaint presents a federal question. The grounds for removal are as follows:

    1.    Plaintiff Ramos Gonzales commenced this civil action in the Twenty-Fourth Judicial District for the Parish of Jefferson County, Louisiana on February 24, 2020. A true and correct copy of all process and pleadings filed in the Twenty-Fourth Judicial Circuit for the Parish of Jefferson, Louisiana are attached hereto as Exhibit "A".

    2.    The Petition for Damages and Summons were served on MetLife through the Louisiana Secretary of State on March 13, 2020. Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by Defendant of the initial pleading on which the

1

aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. The United States District Court for the Eastern District of Louisiana, is the federal judicial district embracing the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 98(a) and 1441(a).

### FEDERAL QUESTION JURISDICTION

4. Plaintiff alleges in his Petition for Damages that he is due critical illness benefits under a group policy issued by MetLife to his employer, Panasonic Corporation ("Panasonic"). (*See* Petition for Damages at Sections III and V).

5. MetLife issued group policy 0150752ci (the "Policy") to Panasonic to fund the critical illness component of Panasonic's welfare benefit plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. A copy of the Certificate of Insurance, which contains the terms and condition of the Policy, is attached hereto as Exhibit "B." It expressly references ERISA and provides a statement of participant's rights under ERISA. *See* Exhibit B at pp. 39 - 42.

6. Plaintiff's action against Defendant could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 in that Plaintiff seeks to recover benefits under an employer-sponsored plan governed by ERISA.

7. The ERISA statute provides that a civil action may be brought by a participant or beneficiary under § 502(a)(1)(B) of ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

under the terms of the plan." Plaintiff's claims in his Petition for Damages fall squarely within ERISA's civil enforcement provisions.

8. Although Plaintiff's Petition for Damages purports to assert a claim for statutory penalties under La. R.S. § 22:1821, the well-pleaded complaint rule is qualified by the doctrine of complete preemption. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004). In *Davila*, the Supreme Court set out the following test for complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210. Therefore, in order for complete preemption to apply, courts evaluate (1) whether the plaintiff could have brought his or her claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim. *See Wright v. Louisiana Corrugated Prod., L.L.C.*, 59 F. Supp. 3d 767, 776 (W.D. La. 2014) (citing *Davila*, 542 U.S. at 210).

9. Each of these two elements is readily satisfied in this case. First, Plaintiff's claim falls squarely within the scope of § 502(a)(1)(B) as he is essentially seeking critical illness benefits under the Plan and asserts claims requiring consideration and interpretation of ERISA plan terns. (*See* Petition for Damages at Section III, IV, VII and "WHEREFORE" paragraph).

Specifically, Plaintiff alleges:

> . . . Plaintiff had a critical illness insurance contract, in effect, with MetLife. The applicable insurance contract specifically provided

> coverage for the critical illness/incident that occurred on February 4, 2018, more specifically, for "stroke[.]" . . .
>
> . . .
>
> IV.
>
> The MetLife policy contains inconsistent provisions regarding "proof of loss," which make the policy ambiguous at best; therefor, necessarily requiring a finding of coverage in favor of Plaintiff.
>
> V.
>
> MetLife assigned an adjustor to respond to Plaintiff's claim, Sara Marr who denied Plaintiff's claim by letter dated April 6, 2018 . . . Plaintiff timely appealed the decision, but MetLife has since failed and/or refused to make any payments on the claim despite the fact that Plaintiff undeniably suffered a stroke on February 4, 2018.
>
> . . .
>
> VII.
>
> La. R.S. § 22:1821, provides in pertinent part, that, "[a]ll claims arising under the terms of health and accident contracts . . . shall be paid not more than thirty days from the date upon which written notice and proof of claim . . . are furnished to the insurer unless just and reasonable grounds . . . exist. *** Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court."
>
> WHEREFORE, Plaintiff prays that . . . there be judgment casting Defendant as liable unto Plaintiff for compensatory damages, attorney's fees, penalties, legal interest, all costs, and for all general and equitable relief to which he may be entitled[.]

(*Id*.). Such allegations directly concern benefits under the Plan that fall within the scope of ERISA.

10. Plaintiff could have brought his claims under § 502(a) in his capacity as a participant as defined by ERISA. *See* 29 U.S.C. § 1002(7).

11. Second, there is no separate legal duty supporting Plaintiff's claims because those claims arise out of an ERISA-governed Plan and directly relate to the allegedly improper denial of his claim for Plan benefits. In other words, the duty upon which Plaintiff's claims are based cannot exist independently of the Plan. Accordingly, both prongs of the *Davila* test for complete preemption are met in this case.

12. Besides complete preemption under ERISA § 502(a) (29 U.S.C. § 1132(a)), ERISA also preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." See 29 U.S.C. § 1144(a). Claims "relate to" an ERISA plan if they have "a connection with or reference to" an employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). *See, e.g., Wright*, 59 F. Supp. 3d at (finding that Plaintiff's state law claims for unpaid benefits, penalties and fees under La. R.S. § 22:1821 were manifestly conflict-preempted by ERISA); *Trahan v. Metropolitan Life Ins. Co.*, 2016 WL 3443658, at *7 (W.D. La. 2016) (collecting cases and explaining that courts "consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)"); *Breaux v. Reliance Standard Life Ins. Co*.,2019 WL 5102237, at *3 (E.D. La. Oct. 11, 2019) (holding that claim for unpaid benefits, penalties and fees under La. R.S. § 22:1821 clearly "relate[d] to" an ERISA plan, did not fall under ERISA's savings clause, and were preempted by ERISA).

13. The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties. Plaintiff's claims in this action arise from the denial of his claim

for critical illness benefits under the ERISA-governed Plan; therefore, this action is clearly preempted by ERISA, within this Court's federal question jurisdiction, and removable to the United States District Court for the Eastern District of Louisiana, pursuant to the provisions of 28 U.S.C. § 1441(a).

## MISCELLANEOUS

14. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

16. Defendant has not sought similar relief with respect to this matter.

17. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

18. A true and correct copy of this Notice of Removal will promptly be filed with the Clerk of the Twenty-Fourth Judicial District Court, as provided by law.

19. The allegations of this Notice are true, correct, and within the jurisdiction of the United States District Court for the Eastern District of Louisiana, and this cause is removable to the United States District Court for the Eastern District of Louisiana.

20. Should any question arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and present oral argument to show that this case clearly is removable under controlling federal law. *See Allen v. R&H Oil & Gas Co.*, 63 F3d 1326, 1336 (5th Cir. 1995).

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Life Insurance Company desiring to remove this civil action to the United States District Court for the Eastern District of Louisiana– the District encompassing the county in which such civil action is pending – prays that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted:

s/Joel P. Babineaux
Joel P. Babineaux (#21455) (T.A.)
Attorneys for Metropolitan Life Insurance Company
Babineaux, Poche', Anthony & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: jbabineaux@bpasfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and I hereby certify that I have forwarded the foregoing by prepaid Federal Express delivery to the following: Krystena L. Harper

s/Joel P. Babineaux
Joel P. Babineaux (#21455) (T.A.)
Attorneys for Metropolitan Life Insurance Company
Babineaux, Poche', Anthony & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: jbabineaux@bpasfirm.com