UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAMOS GONZALES                                    CIVIL ACTION

VERSUS                                                NO. 20-1022

METROPOLITAN LIFE INSURANCE              SECTION "R" (4)
COMPANY

## ORDER AND REASONS

Before the Court is defendant Metropolitan Life Insurance Company's ("MetLife") unopposed motion to dismiss.[1]  Because plaintiff's claim is both completely preempted under the Employment Retirement Income Security Act of 1974 ("ERISA"), § 502, 29 U.S.C. § 1132, and conflict preempted under ERISA § 514, 29 U.S.C. § 1144, the Court grants the motion.

## I.    BACKGROUND

This case arises from an insurance coverage dispute.  On February 4, 2018, while attending a parade, plaintiff Ramos Gonzales suffered a stroke.[2]  At the time, he had an insurance policy with defendant MetLife.[3]  Gonzales

---

[1]    R. Doc. 5.
[2]    R. Doc. 1-1 at 4, ¶ II.
[3]    *See id.* at 4-5, ¶ III.

made a claim under the policy, but MetLife allegedly denied the claim for failure to show adequate "proof of loss."[4]

Gonzales sued MetLife in state court pursuant to La. R.S. § 22:1821.[5] MetLife removed this matter to federal court on March 26, 2020.[6] MetLife initially filed its motion to dismiss plaintiff's claim on April 2, 2020, with a submission date of May 6, 2020.[7] Before responding to the motion to dismiss, plaintiff terminated the services of his counsel on May 29, 2020,[8] and the Court allowed plaintiff's counsel to withdraw.[9] On June 5, 2020, the Court ordered plaintiff to submit, by June 19, 2020, a written statement regarding future representation and the steps he was taking to secure new counsel. The Court continued the submission date on the motion to dismiss to July 15, 2020.[10] Plaintiff did not timely respond to the Court's order, and in an out of time response, indicated an intention or desire to search for counsel.[11] On June 23, 2020, the Court issued an order notifying plaintiff that he must prosecute the case with or without counsel and that failure to

---

[4]   *See id.* at 3, ¶ V.
[5]   *See generally* R. Doc. 1-1.
[6]   R. Doc. 1.
[7]   R. Doc. 5.
[8]   R. Doc. 16-2.
[9]   R. Doc. 18.
[10]  R. Doc. 18; R. Doc. 19.
[11]  R. Doc. 20.

prosecute the case may result in the imposition of appropriate sanctions, including dismissal.[12]  Plaintiff did not respond to the motion to dismiss either in person or through counsel.  The Court now considers the motion to dismiss.[13]

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor.  *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face

---

[12]    R. Doc. 21.

[13]    R. Doc. 5.

of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## B.    ERISA Preemption

ERISA may preempt state law claims in one of two ways. *See Gomez v. Ericsson, Inc.* 828 F.3d 376 (5th Cir. 2016) (citing *Haynes v. Prudential Health Care*, 313 F.3d 330, 334 (5th Cir. 2002); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999)). First, the federal law may "occupy a particular field, resulting in complete preemption under [ERISA] § 502(a), 29 U.S.C. § 1132(a)." *Giles*, 172 F.3d at 336 (citing *Met. Life Ins. v. Taylor*, 481 U.S. 58 (1987); *McClelland v. Gronwaldt*, 155 F.3d 507 (5th Cir. 1998), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11; *see also Arana*, 338 F.3d at 437. "[C]omplete preemption exists when a remedy falls within the scope of or is in direct

conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

The second form of ERISA preemption is "ordinary" or "conflict" preemption. It exists when ERISA provides an affirmative defense to state law claims and involves ERISA § 514(a), 29 U.S.C. § 1144(a). *Giles*, 172 F.3d at 337. Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employer benefit plan." 29 U.S.C. § 1144(a) (emphasis added). Unlike complete preemption, the mere presence of conflict preemption does not raise a federal question. Instead of "transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a defense to a state action." *Giles*, 172 F.3d at 337 (citing *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 407-08 (5th Cir. 1991); *Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir. 1995)). When a state law claim is conflict preempted by ERISA, the appropriate result is dismissal. *See Ellis v. Liberty Life Assur. Co. of Bos.*, 394 F.3d 262, 266 (5th Cir. 2004) (affirming dismissal of claim when "the district court dismissed Ellis's state-law claims . . . holding that they are preempted by ERISA").

The party asserting ERISA preemption has the burden to demonstrate that ERISA preempts the claims at issue. *See Bankston v. Unam Life Ins.*, No. 07-5507, 2009 WL 57104, at *2 (E.D. La. 2009); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## III.  DISCUSSION

### A.    Whether the Policy Is an ERISA Plan

To determine whether plaintiff's claim is preempted—either under the doctrine of complete preemption or conflict preemption—the Court must first determine whether MetLife's insurance policy is an ERISA "plan." 29 U.S.C. § 1002(3). A "plan" or "employee benefit plan" is "an employee welfare benefit plan." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is described as follows:

> any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment . . . .

*Id.* at § 1002(1). The Fifth Circuit uses a three-part test to decide whether an insurance policy is a plan under ERISA. *Shearer v. Sw. Serv. Life Ins.*, 516 F.3d 276, 279 (5th Cir. 2008). To qualify, "the arrangement must be (1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor,

and (3) established or maintained by the employer with the intent to benefit employees." *Id.*

First, the MetLife insurance policy[14] is a "plan" within the meaning of the statute. To make this determination, courts ask whether, when looking at the policy, "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith v. Time Ins.*, 980 F.2d 352, 355 (5th Cir. 1993). This information is apparent from the face of the certificate of insurance on the MetLife policy. The certificate of insurance lists various benefits including "critical illness benefit for . . . stroke."[15] It also describes beneficiaries as "eligible classes."[16] The certificate names Panasonic as the "policyholder" and indicates the insurance is financed through the payments of premiums by the policyholder.[17] Finally, the certificate contains information on procedures

---

[14]    R. Doc. 5-2. MetLife has attached a certificate of insurance to its motion to dismiss. A court may consider documents a defendant attaches to a motion to dismiss if the documents are "referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Plaintiff refers to the insurance policy in his complaint. *See* R. Doc. 1-1 at 4-5, ¶ III. His action is to recover benefits allegedly owed under the terms of the policy; thus, the insurance certificate is central to his claims.

[15]    R. Doc. 5-2 at 18.

[16]    *Id.* at 15-16.

[17]    *Id.* at 2, 28.

for "filing a claim."[18]  Second, the policy is not excluded from ERISA coverage by the Department of Labor's safe-harbor provisions.  The Department's safe-harbor provisions apply to a group insurance program in which "[n]o contributions are made by an employer."  29 C.F.R. § 2510.3-1(j)(1).  The certificate of insurance indicates that plaintiff's employer, Panasonic, paid premiums for the group policy.[19]  Third, it is clear from the face of the certificate of insurance that Panasonic, the policyholder, acquired the policy with the intent to benefit its employees in the event of critical illness.[20]  *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990) (employer demonstrated an intent to benefit employees when it purchased and maintained a group insurance policy like the one at issue here).

---

[18]    *Id.* at 30.

[19]    *See* R. Doc. 5-2 at 2 (listing Panasonic as "policyholder"); *id.* at 28 (describing "Group Billed Insurance" as "insurance in effect under the Group Policy for which the Group Policyholder remits premium").

[20]    That Panasonic pays premiums to provide insurance to its employees demonstrates an intent to benefit those employees.  *See* R. Doc. 5-2 at 28. Additionally, the certificate of insurance states that the "Board of Directors of Panasonic Corporation shall be empowered to amend or terminate the Plan or any benefit under the Plan at any time."  *Id.* at 42.  Because Panasonic's board has the discretion to terminate benefits, the continued existence of the plan also confirms its intent to benefit its employees.

### B.    Preemption

#### 1.    *Complete Preemption*

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  In other words, ERISA's civil enforcement provision completely preempts any state cause of action that falls within its scope. *See Arana* 338 F.3d at 440 (5th Cir. 2003) (quoting *Taylor*, 481 U.S. at 66) ("Put simply, there is complete preemption jurisdiction over a claim that seeks relief 'within the scope of the civil enforcement provisions of § 502(a).'").

Under *Davila*, 542 U.S. at 210, a cause of action "falls within the scope" of the ERISA civil enforcement provision if (1) the plaintiff could have brought the claim under ERISA § 502(a)(1)(B), and (2) defendant's actions do not implicate any other independent legal duty.  Here, plaintiff could have brought his claim for unpaid benefits under ERISA § 502(a)(1)(B).  A claim under § 502(a)(1)(B) "is relatively straightforward." *Id.*  When "a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Id.*

9

The entirety of plaintiff's complaint is premised on the alleged wrongful denial of coverage and therefore could have been brought under § 502(a)(1)(B).[21]   Further, defendant's actions do not implicate any other legal duty, because plaintiff's claim under La. R.S. § 22:1821 for damages and attorney's fees is dependent on the claim for unpaid benefits.   Section 22:1821 provides in relevant part:

> All claims . . . shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist . . . ."

The Louisiana statute subjects an insurer to a penalty for failure to comply with its provisions "of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court."   La. R.S. § 22:1821.   This statute does not establish a new legal duty because it does not "impose any liability upon [defendant] so long as [defendant] act[s] in compliance with Plan terms."   *Trahan v. Met. Life Ins.*, No. 15-2803, 2016 WL 3443658, at *6 (W.D. La. May 20, 2016), *report and recommendation adopted*, No. 15-2803, 2016

---

[21]   *See* R. Doc. 1-1 at 5, ¶ V.

WL 3453662 (W.D. La. June 20, 2016).  Therefore, ERISA § 502(a) completely preempts plaintiff's claim.

The Fifth Circuit has not expressly determined the appropriate disposition of a claim that is completely preempted.  *See Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (5th Cir. 2015); *Ford v. Freemen*, 388 F. Supp. 3d 692, 703 (N.D. Tex. 2019).  There are two possible approaches.  Under the approach taken by the Second Circuit and most district courts in the Fifth Circuit, complete preemption "results in the dismissal of the state-law claim."  *Spear Mktg., Inc.*, 791 F.3d at 598 n.62 (quoting *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 949 (E.D. Tex. 2011)) (citing *Briarpatch Ltd. v. Phx. Pictures, Inc.*, 373 F.3d 296, 308-09 (2d Cir. 2004)).  Alternatively, at least one court has recharacterized a state claim as a properly asserted federal claim and proceeded to adjudicate it on the merits.  *Id.* (citing *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 630 (W.D. Tex. 2013)).

The Court finds that the appropriate result is dismissal of the claim. *Spear Mktg., Inc.*, 791 F.3d at 598 n.2.  In *Spear Marketing*, the Fifth Circuit did not answer whether a completely preempted claim must be dismissed in all events, but it pointed favorably to a prior decision, *GlobeRanger*, 691 F.3d at 706, in which it dismissed claims that were completely preempted under

the Copyright Act.  And as noted, the Second Circuit and a majority of the district courts in the Fifth Circuit have concluded that complete preemption requires dismissal of the preempted claim.  *Spear Mktg.*, 791 F.3d at 598 n.62 (quoting *Encompass Office Sols., Inc.* 775 F.Supp.2d at 949) (citing *Briarpatch Ltd.*, 373 F.3d at 308-09).   Based on this authority, the Court holds that the plaintiff's claim must be dismissed because it is completely preempted.

### 2.    *Conflict Preemption*

Even if complete preemption did not lead to dismissal, plaintiff's claim must still be dismissed as conflict preempted, because its cause of action relates to an employee benefit plan under ERISA § 514(a), 29 U.S.C. § 1144(a).  The Supreme Court interprets ERISA § 514(a) broadly.  *See Met. Life Ins. v. Massachusetts*, 471 U.S. 724, 737 (1985).  "[P]reempted state law includes any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218-19 (5th Cir. 1992).  A state cause of action "relates to" an employee benefits plan when it maintains a "connection with or reference to such plan." *See Hubbard v. Blue Cross & Blue Shield Ass'n.*, 42 F.3d 942, 945 (5th Cir. 1995).

The Fifth Circuit uses a two-part test to determine whether a state claim "relates to" a § 514(a) employee health benefit plan: "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities— the employer, the plan and its fiduciaries, and the participants and beneficiaries." *King v. Bluecross Blueshield of Alabama*, 439 F. App'x. 386, 389 (5th Cir. 2011).

Here, the state claim addresses an area of exclusive federal concern: the right to receive benefits under the terms of the plan. *See id.* Plaintiff's entire complaint is premised on his assertion that MetLife violated the terms of the plan by refusing to pay benefits allegedly due following his stroke.[22] Furthermore, "[c]ourts have consistently recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)." *Trahan*, 2016 WL 3443658, at *7; *see also Ponstein v. HMO Louisiana Inc.*, No. 08-663, 2009 WL 1309737 (E.D. La. May 11, 2009) ("Plaintiff's state law claims and remedies, including Plaintiff's state claims for penalties and attorney fees under La. Rev. Stat. § 22:657 (now La. Rev. Stat. § 22:1821) are preempted as they relate to the

---

[22] R. Doc. 1-1 at 4-5, ¶¶ III, V.

Plaintiff's claim for benefits under the employee benefit plan."); *Cunningham v. Petroleum Professional Int.*, No. 04-2528, 2006 WL 1044153 (W.D. La. Apr. 19, 2006) ("[I]t is well settled that plaintiff's 'bad faith' claim for Louisiana statutory penalties and attorney's fees pursuant to La. R.S. 22:657 is preempted by ERISA, notwithstanding the fact that the statute is part of the Louisiana Insurance Code.").  Further, the right to receive benefits under the terms of an ERISA plan affects the relationship between traditional ERISA entities: the plan and a participant, Gonzales.[23] *See Mayfield v. UNUM Life Ins. Co. of Am.*, No. 15-5553, 2016 WL 4261771, at *4 (E.D. La. Aug. 12, 2016) (quoting *Trahan*, 2016 WL 3443658, at *1) ("a § 22:1821 claim centers upon whether [the] plaintiff had a right to receive benefits under the terms of an ERISA plan, which affects the relationship between traditional ERISA entities."); *King*, 439 F. App'x at 389.  Thus, plaintiff's claim "relates to" an employee benefit plan under ERISA § 514(a).

Finally, the Court must consider whether the savings clause of ERISA § 514(b)(2)(A) spares plaintiff's claim from preemption.  *See Garcia v. Best*

---

[23]     A "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit . . . from an employee benefit plan . . . ." 29 U.S.C. § 1002(7).  The certificate of insurance attached to defendant's motion to dismiss demonstrates that this definition applies to plaintiff.  *See* R. Doc. 5-2 at 14 ("You and Your means an employee who is insured under the Group Policy for the insurance described in this Certificate.").

*Buy Stores, L.P.*, 416 F. App'x 384, 386 (5th Cir. 2011). The savings clause of § 514(b)(2)(A) provides that, "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." A law regulates insurance when the law (1) is "specifically directed toward entities engaged in insurance;" and (2) "substantially affect[s] the risk pooling arrangement between the insurer and the insured." *Garcia*, 416 F. App'x. at 386 (citing *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42 (2003)).

Section 22:1821 does not regulate insurance because it does not affect the risk pooling arrangement. "[Section] 22:1821 authorizes recovery of benefits due under the policy, plus penalties and fees for an insurer's unreasonable failure to timely pay benefits. As such, it is remedial in nature and does not affect the risk (a participant's health care costs) contracted for under the policy." *Trahan*, 2016 WL 3443658, at *8 (internal citation omitted). Because it does not affect risk pooling, § 22:1821 falls outside ERISA's savings clause. Therefore, plaintiff's claim under § 22:1821 relates to a claim under the plan, and the savings clause does not apply. The Court holds that plaintiff's claim is conflict preempted and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion and dismisses plaintiff's claim.  The Court grants plaintiff fourteen (14) days from the date of this order to amend his complaint to assert an ERISA claim for unpaid benefits.

New Orleans, Louisiana, this __13th__ day of August, 2020.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

16